ANDREA T. MARTINEZ, United States Attorney (#9313)
STEWART M. YOUNG, Assistant United States Attorney (#14377)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
THADDEUS J. MAY, Assistant United States Attorney (#11317)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      vs.<br><br>JOSEPH ALVIN GOMEZ, aka NORTE JOE,<br><br>      Defendant. | Case No. 2:19-CR-93 TC<br><br>STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)<br><br>Judge Tena Campbell |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.     As part of this agreement with the United States, I intend to plead guilty to Counts 1 and 4 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

The elements of Count 1, Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846 are:

     a. The Defendant knowingly or intentionally conspired with at least one other person to distribute a controlled substance as charged, namely 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine;

b. That the controlled substance the Defendant conspired to distribute with another person was 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; and,

c. There existed an interdependence among the members of the conspiracy, in that the members of the conspiracy knew the ultimate objective of the conspiracy and that the defendant joined the conspiracy knowing of that ultimate objective.

The elements of Count 4, Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) are:

a. Two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. § 1956(a)(1)(1)(A)(i), that is, they agreed to conduct financial transactions, knowing the property involved in the financial transactions represented proceeds of some form of unlawful activity, that is distribution of methamphetamine, a specified unlawful activity under 18 U.S.C. § 1956(c)(7), with the intent to promote the carrying on of that specified unlawful activity;

b. That the Defendant knew that the property involved in financial transactions represented the proceeds of some form of unlawful activity;

c. That the property involved was in fact the proceeds of a specified unlawful activity; and,

d. There existed an interdependence among the members of the conspiracy, in that the members of the conspiracy knew the ultimate objective of the conspiracy and that the defendant joined the conspiracy knowing of that ultimate objective.

2. I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 21 U.S.C. §§ 841(a)(1) & 846 is a term of life in prison, a fine of $10,000,000, a 10 year mandatory minimum sentence, a term of supervised release of 5 years, and any applicable forfeiture. I know that the maximum possible penalty provided by law for Count 4 of the Indictment, a violation of 18 U.S.C. § 1956(h), is a term of imprisonment of 10 years, a fine of $250,000, and a term of supervised release of 3 years. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

b.  I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.     I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence.  I have discussed these procedures with my attorney.  I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.  However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4.     I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.     I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.     I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a.  I have a right to the assistance of counsel at every stage of the proceeding.

b.  I have a right to see and observe the witnesses who testify against me.

c.  My attorney can cross-examine all witnesses who testify against me.

d.  I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses.  If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

e.  I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g.  The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

3

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.    If I plead guilty, I will not have a trial of any kind.

8.    I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.    I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10.    I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.    I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

Beginning on an unknown date but at least as far back as March 26, 2018, and continuing on to about February 15, 2019, I agreed with others known and unknown to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. I spoke with others on the phone and in person in order to facilitate the distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine within the District of Utah. In order to distribute methamphetamine, I admit there was an interdependence between myself and others to distribute this methamphetamine. I further admit that I knew of the ultimate objective of the conspiracy, which was to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine to others. I agree that methamphetamine is a Schedule II controlled substance. All of my actions and my agreement occurred within the District of Utah.

Also from a date unknown, and at least as far back as October 16, 2018, and continuing to on or about February 15, 2019, I admit that I agreed with other co-conspirators, to conduct financial transactions affecting interstate commerce which involved the proceeds of narcotics trafficking. Specifically, during the period that

I conducted narcotics transactions with my co-conspirators, we received cash deposits, wire transfers, and bulk cash deliveries. I and my co-conspirators then conducted financial transactions using the proceeds of the distribution of methamphetamine and heroin, with the intent to promote the further distribution of methamphetamine and heroin. I further admit that the distribution of methamphetamine and heroin is a specified unlawful activity under 18 U.S.C. § 1956(c)(7). I agreed with my co-conspirators to engage in these financial transactions with the intent to promote the unlawful activity in which we were engaged. I admit that my conduct violated 18 U.S.C. 1956(h).

12.    The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a.   **Guilty Plea.** I will plead guilty to Counts 1 and 4 of the Indictment.

b.   **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 168 months' imprisonment, which I agree is a reasonable sentence.

(1)    I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2)    If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 168 months' imprisonment will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 168 months' imprisonment, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c.   **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

d.   **Statutory Sentencing Enhancements.** The United States agrees to move for leave to dismiss the sentencing enhancement under 21 U.S.C. § 851.

e. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 2-3 and 11-16 at the time of sentencing.

f. **Appeal Waiver.**

(1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive any right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3)    I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4)    I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5)    Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

g. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

h. **Forfeiture.**

(1)     I agree to forfeit all property acquired from or traceable to my offenses and all property that was used to facilitate my offenses, including, but not limited to, the following specific property:

$19,820.00 in United States Currency

(2)     I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct.

(3)     I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

(4)     I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(5)     I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(6)     I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

13.     The government agrees that they will not seek a fine from the Defendant.

14.     I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

15.     I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*     *     *     *

7

I make the following representations to the Court:

1.      I am _34_ years of age.  My education consists of _high school grad_.
I _can_ [can/cannot] read and understand English.

2.      This Statement in Advance contains all terms of the agreement between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms.  I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.      No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.      Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5.      I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.      I am satisfied with my lawyer.

7.      My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.      I have no mental reservations concerning the plea.

9.      I understand and agree to all of the above.  I know that I am free to change or delete anything contained in this statement.  I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _19th_ day of _August_, _2021_

_____
JOSEPH ALVIN GOMEZ aka NORTE JOE
Defendant

8

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 19th day of August, 2021.

_____
JEREMY DELICINO
Attorney for Defendant


I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 30th day of July, 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

/s/ *Stephen L. Nelson*

_____
STEPHEN L. NELSON
STEWART M. YOUNG
THADDEUS J. MAY
Assistant United States Attorney