```
                    IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF UTAH, CENTRAL DIVISION



UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
DANIAL MOVAHHED,               )   Case No:  2:19CR0093-15
                               )
          Defendant.           )
_____)
                               )
                               )




                BEFORE THE HONORABLE BROOKE C. WELLS

                          August 9, 2022

                   ATTORNEY APPOINTMENT HEARING






                          Reported by:
                  KELLY BROWN HICKEN, RPR, RMR
                         801-521-7238
```

```
 1                      APPEARANCES OF COUNSEL

 2    FOR THE GOVERNMENT:           OFFICE OF THE US ATTORNEY

 3                                  BY:  STEWART YOUNG

 4                                       Attorney at Law

 5                                  111 MAIN STREET, 1800

 6                                  SALT LAKE CITY, UTAH 84111

 7

 8

 9    FOR THE DEFENDANT:            SNOW CHRISTENSEN & MARTINEAU

10                                  BY:  NATHAN A. CRANE

11                                       Attorney at Law

12                                  10 EXCHANGE PLACE 11TH FL

13                                  SALT LAKE CITY, UTAH  84145

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                SALT LAKE CITY, UTAH, TUESDAY, AUGUST 9, 2022
 2                          *   *   *   *   *
 3                THE COURT:  Let's go now on the record in the
 4     matter of United States of America vs. Danial Movahhed.  This
 5     is Case Number 2:19-CR-93-15 assigned to Judge Campbell and
 6     referred to me when the case was first filed some years ago.
 7                The United States is represented by Mr. Stewart
 8     Young.  Mr. Movahhed is not present, not personally present
 9     because he's confined in federal custody in Lompoc,
10     California.  He is not present by video or by phone because of
11     inability to make contact with the officials, Bureau of
12     Prisons officials.  And I don't mean to say that we didn't
13     try.  We did.  They have not been cooperative in terms of
14     scheduling this matter or even getting back to the Court.  In
15     fact, at the first case I was told I had to send a copy of my
16     credentials to the Lompoc before they would deal with me.  I
17     guess they thought you could, you know, invent a courthouse or
18     something.
19                So he is not present, nor does he know of this
20     hearing.  But at the last hearing the matter of the
21     appointment of counsel was left open.  And in the interim I
22     decided to ask Mr. Crane and --
23                I'm sorry.  What is your name again?
24                MS. SHAW:  LaShel Shaw, Your Honor.
25                THE COURT:  All right.
```

1                    -- to act as counsel for Mr. Movahhed in the
2     remaining matters that he has before the Court.
3                    Now, I will tell you that he filed two motions with
4     Judge Campbell.  One of them was a motion that Rudy Batista
5     who represented him previously withdraw.  But the issue there,
6     and I allowed Mr. Batista to withdraw, although that wasn't
7     really a difficult decision because the case had effectively
8     been over for -- since the time Mr. Movahhed was sentenced
9     because he entered appeal waivers.  So that motion was
10    previously denied.
11                   However, the second motion was left open, and that
12    is the one we're going to deal with today in moving forward,
13    and that is his motion for compassionate release.  Because he
14    has had no counsel for that and under this court's new
15    protocol for compassionate release it is my understanding that
16    counsel is appointed.
17                   Is that correct, Mr. Young?
18                   MR. YOUNG:  As far as I know, Your Honor, yeah.
19                   THE COURT:  All right.  And in this matter I also,
20    because of Mr. Movahhed's inability to be present, I've asked
21    for a court reporter to be present to take down this hearing
22    so that it may be forwarded to Mr. Movahhed so he understands
23    what has happened here.
24                   And what I am going to do, Mr. Crane, is appoint
25    you to represent him in the matter of motion for compassionate

                                                                    4

1    release.  I want to also ask you to look at the previously
2    denied motion to see if there is anything that needs to be
3    reconsidered in that regard.
4           The United States -- there is this protocol in
5    place on these motions for compassionate release.  And I was
6    just handed these 122 pages of memorandum and papers related
7    to his case, medical treatment refusal, it's in support of his
8    motion for compassionate release.  It is also the government's
9    response there, too.
10          So, Mr. Crane, you're going to need to review with
11   him these matters and see what needs to come forward on his
12   behalf.  I don't have any particular timelines in place.  It's
13   taken quite a bit of time.  These motions were filed -- excuse
14   me.  These motions were filed in May and June of this year.
15   So it's -- they've been pending a while.  I assume you're
16   going to have to contact him via mail.  It may necessitate
17   going to Lompoc, worse places in the world than, you know, the
18   Santa Barbara area.  But nonetheless, you know, maybe that's
19   your only way to communicate with him.  And under the Second
20   Chair Program I don't know how that would work financially for
21   you, but it may be necessary.  But we're going to send him a
22   copy of this transcript as well as these documents and so that
23   he knows what's happening.
24          So that the transcript is complete I'm going to
25   give Mr. Movahhed the same advice in this written form that I

```
 1   would give him if he were here, and that's about his need to
 2   cooperate fully with you and any authorized representative of
 3   yours.  I'm going to tell him or I am telling him that what he
 4   says to you is confidential and that he -- but what he says
 5   about his case to others is not confidential.  But this motion
 6   for compassionate release kind of takes on a different, you
 7   know, a different twist to it.
 8              So I'm not sure there's much more to say.  It's
 9   kind of wide open.  I will give you this and ask you to --
10              Kelly, if you'll make that transcript as soon as
11   possible.  I know it's a bit disjointed, but then send maybe a
12   certified copy to Mr. Crane, and we can go from there.  And
13   maybe we should send him a copy, as well.  I think we have his
14   inmate number and address at Lompoc.  But then you can get in
15   touch with him, Mr. Crane, and I know you'll do so.
16              So is there -- it's kind of a wide open thing.
17   It's not the usual appointment.  But anybody have any
18   questions?
19              MR. YOUNG:  Just one, Your Honor.  If I do remember
20   correctly, we did file a response --
21              THE COURT:  Yes.
22              MR. YOUNG:  -- already.  And then the Court was
23   like, you're a little bit early in filing this response.
24              THE COURT:  Because it's not part of the protocol.
25              MR. YOUNG:  Exactly.  So would the Court like us to
```

1        await kind of a supplement from Mr. Crane and his office, and
2        then we can essentially kind of either re-file or supplemental
3        file our responses?  Does that make -- I think that makes the
4        most sense.
5                    THE COURT:  It does make the most sense.  You're
6        right.  You're right.
7                    So, Mr. Crane, I think you can find the protocol on
8        the website, or Mr. Young will have a copy of it.  And it does
9        allow for you to file something on behalf of Mr. Movahhed,
10       although he's done quite a bit himself.  But it will also tell
11       you what the timelines are, et cetera.  It's just not
12       something that we're all that used to dealing with.  So, okay?
13                   MR. CRANE:  Yeah.
14                   THE COURT:  All right.
15                   MR. CRANE:  The 100-plus pages, Your Honor has,
16       it's not under seal, is it?  It's in open file so we can
17       access it?
18                   THE COURT:  No.  It's not under seal, I don't
19       believe.
20                   MR. CRANE:  Perfect.
21                   MR. YOUNG:  I think with the medical records I
22       think we might have actually filed it under -- I thought we
23       filed it under seal.
24                   THE COURT:  Well, I noticed all of these medical
25       records, but I don't see anything about being under seal.

```
 1                THE CLERK:  Yeah, it was on the docket filed --
 2                THE COURT:  It was filed under seal.
 3                MR. YOUNG:  We're happy to send -- my assumption, I
 4     don't remember if Steve did this or I did this, we've done so
 5     many of these.  My assumption is we have it electronically so
 6     we can forward it to Mr. Crane's office.
 7                MR. CRANE:  Perfect.
 8                THE COURT:  All right.  That's great.  Thank you.
 9     Thank you again for taking on this.  And I'll pass this to
10     you.
11                Thank you.  We're in recess.
12                MR. CRANE:  Thank you, Your Honor.
13                MR. YOUNG:  Thank you very much, Your Honor.
14          (Whereupon, the court proceedings were concluded.)
15                          *   *   *   *   *
16
17
18
19
20
21
22
23
24
25
```

```
 1    STATE OF UTAH          )
 2                           ) ss.
 3    COUNTY OF SALT LAKE    )
 4              I, KELLY BROWN HICKEN, do hereby certify that I am
 5    a certified court reporter for the State of Utah;
 6              That as such reporter, I attended the hearing of
 7    the foregoing matter on August 9, 2022, and thereat reported
 8    in Stenotype all of the testimony and proceedings had, and
 9    caused said notes to be transcribed into typewriting; and the
10    foregoing pages number from 3 through 8 constitute a full,
11    true and correct report of the same.
12              That I am not of kin to any of the parties and have
13    no interest in the outcome of the matter;
14              And hereby set my hand and seal, this ____ day of
15    _____ 2022.
16
17
18
19
20                        _____
                                KELLY BROWN HICKEN, CSR, RPR, RMR
21
22
23
24
25
```